CALEB SEQUOIA BASKIN, SB No. 226132
csbaskin@baskingrant.com
BASKIN & GRANT, LLP
730 MISSION STREET
SANTA CRUZ, CALIFORNIA 95060-3615
Tel: (831) 425-8999
Fax: (831) 425-8853

Attorneys for PASATIEMPO, INC. dba
PASATIEMPO GOLF CLUB

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN HOPE O'NEILL,<br><br>    Plaintiff,<br><br>vs.<br><br>PASATIEMPO, INC. dba PASATIEMPO GOLF CLUB; MATT BASS,<br><br>    Defendants. | CASE NO. C 08-01774 RS<br><br>**ANSWER OF DEFENDANT PASATIEMPO, INC. TO COMPLAINT**<br><br>Case Assigned to Hon. Richard Seeborg<br><br>Case Filed:    April 2, 2008<br>Trial Date:    None set |

Defendant Pasatiempo, Inc. ("Defendant"), answers the Complaint as follows:

### Denials of Allegations in Complaint

1. Answering the allegations of Paragraphs 1-2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies each and every allegation contained therein.

2. Answering the allegations of Paragraph 3 of the Complaint, Defendant admits that Plaintiff is an adult female formerly employed by Defendant as a server (wait staff, waitress), but denies the remaining allegations therein.

3. Answering the allegations of Paragraphs 4-5 of the Complaint, Defendant admits the allegations therein.

4. Answering the allegations of Paragraph 6 of the Complaint, Defendant admits that

Baskin & Grant
730 Mission Street
Santa Cruz, CA 95060
(831) 425-8999

1

C 08-01774 RS

ANSWER OF DEFENDANT PASATIEMPO, INC. TO COMPLAINT

Plaintiff was hired as a server in the Mackenzie Bar & Grill. Defendant denies the date alleged therein is accurate.

5. Answering the allegations of Paragraph 7 of the Complaint, Defendant denies that Plaintiff completed the ServeSafe program or was promoted to bartender. Defendant admits that Plaintiff may have been provided a door key and security code when called upon to be the opening server.

6. Answering the allegations of Paragraph 8 of the Complaint, Defendant admits that Mr. Hall fired Plaintiff in May of 2006.

7. Answering the allegations of Paragraph 9 of the Complaint, Defendant denies the allegations therein.

8. Answering the allegations of Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to whether or not Plaintiff felt relief as a result of any action she allegedly took. Defendant denies that Plaintiff complained to the bar manager regarding alleged conduct of Defendant Matt Bass during her first period of employment and denies that the bar manager disregarded her comments or belittled her predicament. Defendant denies the remainder of the allegations therein.

9. Answering the allegations of Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by her complaints being a "protected activity." Defendant denies the remaining allegations therein.

10. Answering the allegations of Paragraph 12 of the Complaint, Defendant admits that Plaintiff sent a document dated May 26, 2006, to Mr. Walkinshaw, which made allegations regarding conduct by Mr. Bass.

11. Answering the allegations of Paragraph 13 of the Complaint, Defendant admits that Plaintiff returned to work on July 13, 2006, was not provided back pay and was not hired as a bartender.

12. Answering the allegations of Paragraph 14 of the Complaint, Defendant denies the allegations therein.

13. Answering the allegations of Paragraph 15 of the Complaint, Defendant denies that

Baskin & Grant
730 Mission Street
Santa Cruz, CA 95060
(831) 425-8999

2                                C O8-01774 RS
ANSWER OF DEFENDANT PASATIEMPO, INC. TO COMPLAINT

1 Plaintiff made any claims about continued harassment during the second period of her employment.

14. Answering the allegations of Paragraph 16 of the Complaint, Defendant denies the allegations therein.

15. Answering the allegations of Paragraph 17 of the Complaint, Defendant denies the allegations therein.

16. Answering the allegations of Paragraph 18 of the Complaint, Defendant admits that Plaintiff was fired by Mr. Dias in September of 2006. Defendant denies the remainder of the allegations therein.

17. Answering the allegations of Paragraphs 19-21 of the Complaint, Plaintiff denies the allegations therein.

## Additional Affirmative Defenses

18. As a separate and additional defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

19. As a separate and additional defense, Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitations.

20. As a separate and additional defense, Defendant alleges that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

21. As a separate and additional defense, Defendant alleges that Plaintiff's claims are not within the subject matter jurisdiction of the court.

22. As a separate and additional defense, Defendant alleges that Plaintiff's claims are barred by the equitable doctrine of laches.

23. As a separate and additional defense, Defendant alleges that Plaintiff's claims are barred by the doctrines of res judicata or collateral estoppel.

24. As a separate and additional defense, Defendant alleges that Plaintiff's claims are barred by the equitable doctrine of estoppel.

25. As a separate and additional defense, Defendant alleges that Plaintiff consented to the conduct alleged in the Complaint and is therefore barred from any recovery.

Baskin & Grant
730 Mission Street
Santa Cruz, CA 95060
(831) 425-8999

3

C O8-01774 RS

ANSWER OF DEFENDANT PASATIEMPO, INC. TO COMPLAINT

26. As a separate and additional defense, Defendant alleges that Plaintiff's Complaint for exemplary or punitive damages violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded; that Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages pursuant to Civil Code §3294, violates Defendant's rights to protection from "excessive fines" as provided by the Eighth Amendment of the United States Constitution, Article I, Section 17, of the Constitution of the State of California; and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action for punitive or exemplary damages; that Plaintiff's Complaint, and each cause of action therein, is barred by reason of Article VI of the United States Constitution.

27. As a separate and additional defense, Defendant alleges that Plaintiff failed to mitigate damages.

28. As a separate and additional defense, Defendant alleges that Plaintiff's claims are barred by the provisions of California Labor Code §§2853, 2854, 2856, 2857, 2858 and 2859, in that Plaintiff failed to use ordinary care, diligence and skill in the performance of her duties, and failed to comply substantially with the reasonable directions of her employer and is therefore barred from any recovery.

29. As a separate and additional defense, Defendant alleges that its conduct was justified.

30. As a separate and additional defense, Defendant alleges that its actions were proper and legal and in substantial compliance with all applicable regulations, statutes and ordinances.

31. As a separate and additional defense, Defendant alleges that its alleged improper conduct, if any, was justified by business necessity.

32. As a separate and additional defense, Defendant alleges that Plaintiff has failed to exhaust administrative remedies.

33. As a separate and additional defense, Defendant alleges that Plaintiff's claims are

Baskin & Grant
730 Mission Street
Santa Cruz, CA 95060
(831) 425-8999

4                                    C O8-01774 RS
ANSWER OF DEFENDANT PASATIEMPO, INC. TO COMPLAINT

barred to the extent that Plaintiff seeks relief for conduct occurring more than 365 days prior to filing of an administrative charge under the provisions of the California Fair Employment and Housing Act.

### Prayer For Relief

WHEREFORE, Defendant Pasatiempo, Inc., prays as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That judgment be rendered in favor of Defendant Pasatiempo, Inc.;
3. That Defendant Pasatiempo, Inc., be awarded its attorneys' fees and costs of suit incurred in defense of this action; and,
4. For such other relief as the Court deems proper.

DATED: July 30, 2008     BASKIN & GRANT, LLP

By: _____
CALEB SEQUOIA BASKIN
Attorneys for PASATIEMPO, INC. dba
PASATIEMPO GOLF CLUB

Baskin & Grant
730 Mission Street
Santa Cruz, CA 95060
(831) 425-8999

5                               C O8-01774 RS
ANSWER OF DEFENDANT PASATIEMPO, INC. TO COMPLAINT